234 A.2d 350.

ESTHER M. GLEASON *vs.* ALMAC'S, INC.

OCTOBER 27, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a civil action to recover damages for personal injuries resulting from a fall in a market operated by the defendant. It is before this court on the defendant's appeal from the trial justice's denial of its motion for a directed verdict.

It is undisputed that on or about April 2, 1965, plaintiff was shopping with her son in defendant's self-service supermarket in the village of Wakefield. They had completed

their shopping and plaintiff's son, pushing a carrier provided for customers, was already in one of the four check-out aisles toward which plaintiff was walking to join her son, when she slipped and fell, striking her head, back and shoulders with such force as to require medical attention.

Describing the accident, plaintiff testified that she did not observe anything on the floor up to the time that she fell. When assisted to her feet by her son, however, a roll of film, some two and a half inches in length was found "between her feet." Although plaintiff's description of the object is somewhat garbled, the film appears to have been contained within a cardboard box mounted on a card. How this object came to be on the floor, plaintiff was unable to say.

The defendant's store manager at the time of plaintiff's accident, but not in defendant's employ at the time of the trial, was called as a witness by plaintiff. He testified that plaintiff looked familiar but as to her having been involved in the accident she described, he could not be more specific than "I recall a woman fell in front of the register."

He testified specifically, however, that rolls of film such as the one described by plaintiff were stocked for sale by defendant and were displayed hanging on hooks attached to magazine racks at the end of the registers. He could not remember, however, whether such an item was involved in connection with the accident of which he had some recollection.

Significantly, although he was plaintiff's witness, he was not asked what steps, if any, were regularly taken to keep defendant's premises in a condition reasonably safe for its business invitees, and, defendant offering no evidence, the record is silent in this regard.

At the close of plaintiff's case, defendant rested and moved for a directed verdict. The trial justice reserved decision thereon and submitted the case to the jury which

returned a verdict for plaintiff in the sum of $3,500. Thereupon, the motion for a directed verdict was denied.

In her declaration plaintiff alleged that pursuant to defendant's general invitation to the public to shop in its market she entered its premises "* * * and did and there step, stumble, trip and/or slip on and/or over an object in the proximity of said register, to-wit: a 'film box' and/or 'tote box' and/or similar object, carelessly and negligently allowed and/or permitted by the said defendant to be and/or remain on the floor of said store premises as aforesaid * * *" to her damage.

The defendant concedes that under our well-settled rule it was the trial justice's duty to view its motion in the light most favorable to plaintiff and to give her the benefit of all reasonable and legitimate inferences which could properly be drawn in her favor from the evidence, free from any question of credibility. However, citing *Wyzga* v. *David Harley Co.*, 60 R. I. 480, 199 Atl. 452 (1938), and *McVeigh* v. *McCullough*, 96 R. I. 412, 192 A.2d 437 (1963), defendant stresses that it was not an insurer of plaintiff's safety and that she had the burden of proving her allegations that defendant's negligent conduct, either of commission or omission, was the proximate cause of her fall and resulting injuries.

Relating this basic principle to the facts of the case at bar, defendant argues that there is not a scintilla of evidence from which the jury could reasonably have inferred either that the roll of film came to be on the floor through negligence attributable to defendant or, being there, defendant negligently failed to remove it after having had actual or constructive notice of its dangerous location.

Only two witnesses offered probative evidence on the issue of defendant's negligence by commission or omission. They were plaintiff and defendant's manager at the time of the accident. An examination of their combined evidence compels us to conclude that defendant's position has merit.

From the testimony of the former manager the jury would have been warranted in finding that the roll of film described by plaintiff came from defendant's stock of merchandise on display and offered for sale. Similarly, the jury would have been warranted in finding that the roll of film was the proximate cause of plaintiff's fall. Having made these findings, however, the jury thereafter could have only speculated as to how the roll of film came to be where it was when it caused plaintiff's feet to go from under her, or whether it had been there for sufficient time to give defendant actual or constructive notice of its presence. There is no evidence, actual or inferential, in these particulars. A number of possible explanations come readily to mind, but for the jury to select one satisfying plaintiff's burden of proof would be pure conjecture.

In support of the trial justice's decision denying defendant's motion for a directed verdict, plaintiff cites *McVeigh* v. *McCullough, supra.* So doing, she relies heavily on what she refers to as "new guide lines in these types of cases." These guide lines, she argues, are to be found in the language of this court where at page 421 and 192 A.2d at page 443, it is stated:

> "* * * Time alone is not the sole test of constructive notice. What may be a reasonable time within which to say a storekeeper should have known and remedied a dangerous condition will vary with the nature of the business, the size of the store and the number of customers who visit it, the location of the dangerous condition and the opportunity of the storekeeper to see and observe it, how the condition came about and other circumstances of like import."

In *McVeigh,* the plaintiff fell as she stepped across the threshold of defendant's store and it was her testimony that her fall came about when she slipped in a puddle of water just inside the door. There was evidence of heavy rain and of a depression in the floor. Sustaining the trial justice's denial of the defendant's motion for a directed verdict, this

court held, it would be unreasonable to infer as a matter of law, that from the evidence of a puddle, brought about by an accumulation of rain water, there would not have been sufficient time for the defendant proprietor, in the exercise of reasonable care, to have had constructive notice of the dangerous condition. We were careful to point out, however, that if the floor were merely damp the case might have been otherwise. Thus, this court was pointing up the proposition that facts which explain a dangerous condition may lend themselves to a reasonable inference of constructive notice.

In the instant case, however, the only fact in evidence which explains the dangerous condition of which plaintiff complains is that the roll of film was where it was. Standing alone it does not support an inference of negligence.

In refutation, plaintiff urges that the established facts should be considered in the light of shopping practices and patterns peculiar to the modern self-service supermarkets. Such practices and patterns, she contends, require a higher degree of diligence by the market proprietor in keeping his premises reasonably safe for customers than the diligence required prior to the advent of self-service supermarkets. From this premise, plaintiff argues, defendant's failure to offer any evidence as to its diligence constitutes a circumstance from which the jury might reasonably infer a dereliction of defendant's duty to plaintiff.

In making this argument the plaintiff misconceives her burden of proof. It was for her to make out a prima facie case by producing positive evidence from which the defendant's negligence could be found, or from which an inference of the defendant's negligence can be drawn. Had she done so and had the defendant chosen not to refute such evidence, its failure in this regard might properly have been considered by the jury as lending credence to the plaintiff's evidence. The plaintiff having offered no evidence herself,

however, the defendant was under no obligation to offer a gratuitous explanation of how it supervised the premises. *Lapierre* v. *Greenwood*, 85 R. I. 484, 133 A.2d 126 (1957).

The defendant's appeal is sustained, and the case is remitted to the superior court for entry of final judgment for the defendant.

*William H. Leslie, Jr.,* for plaintiff.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh,* for defendant.