Tracy D. MILLAR

v.

Edward DiPRETE, et al.

No. 94–249–A.

Supreme Court of Rhode Island.

April 13, 1995.

Lauren Jones, Henry Monti, Providence.

Thomas Palombo, Margaret Hogan Sweeney, Providence.

### ORDER

This matter came before the Supreme Court for oral argument on April 3, 1995, pursuant to an order directing the plaintiff, Tracy D. Millar, to show cause why her appeal should not be summarily denied and dismissed. The plaintiff has appealed the granting by the Superior Court of the motion for a directed verdict made by defendants Edward DiPrete, John Moran, and the State of Rhode Island.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and the appeal will be decided at this time.

In reviewing the granting of a motion for directed verdict, this court applies the same standard of review as the trial justice. *Pandozzi v. Providence Lodge No. 14, Elks*, 496 A.2d 928, 929 (R.I.1985). Specifically, this court gives the nonmoving party, here the plaintiff, the benefit of all reasonable and legitimate inferences that could be drawn from the evidence, independent of any issues of credibility. *Gleason v. Almac's, Inc.*, 103 R.I. 40, 42, 234 A.2d 350, 351 (R.I.1967).

In this case, plaintiff slipped on a substance located on the floor of a hallway adjacent to two cafeterias while on a visit to the Adult Correctional Institution. The evidence at trial indicated that the hallway was heavily traveled and was in view of a guard stationed about fifteen to twenty feet away from where the substance on which plaintiff slipped was located. The plaintiff described the material as dirty, mushy, smeared, and brown, with footprints tracked through it.

In granting the motion for a directed verdict, the trial justice made the reasonable determination that plaintiff had not shown that the condition that caused her fall had existed for a sufficient length of time to demonstrate that defendant knew or should have known of the dangerous condition. *Pandozzi*, 496 A.2d at 930.

Consequently, we deny and dismiss the appeal, and affirm the ruling of the Superior Court. The papers in the case may be returned to the Superior Court.