## Louis DiGIOVANNI

v.

## SHAW'S SUPERMARKETS, INC.

### No. 96–89–Appeal.

Supreme Court of Rhode Island.

April 28, 1997.

Joshua Pearlman, Pawtucket.

Charles N. Redihan, Jr., Cumberland.

### ORDER

This case came before the court for oral argument April 11, 1997, pursuant to an or-der that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily de-cided. After hearing the arguments of coun-

sel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiff appeals from a judgment entered in the Superior Court in favor of the defendant, Shaw's Supermarkets, Inc., pursuant to a motion filed for a directed verdict. The plaintiff, Louis DiGiovanni, had filed a complaint against the defendant for personal injuries received when a stack of cartons of Coca Cola fell upon him as he attempted to pick up a single pack from the display. The trial justice found insufficient evidence of negligence in order to constitute a question for the jury. There was evidence that the seven foot stack of cartons was unstable at a time approximately one-half hour subsequent to the accident. The stack had been established by employees on the morning of March 10, 1991. The accident occurred at approximately 4:00 p.m. on that date. The trial justice apparently held that the plaintiff was obliged to eliminate all other possible causes of the accident than the negligence of the defendant. A plaintiff need not eliminate all other possible causes in order to establish by circumstantial evidence the probability of the defendant's negligence. *Parrillo v. Giroux Co., Inc.*, 426 A.2d 1313, 1320 (R.I.1981).

Under the standard well established by this court, a directed verdict should not be granted unless the trial justice determines after viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable favorable inferences in favor of that party, that there is no basis upon which a reasonable jury could find in favor of the non-moving party. *Banks v. Bowen's Landing Corp.*, 652 A.2d 461, 463 (R.I.1995).

We believe that the evidence viewed in such a favorable light did not warrant a determination that a reasonable jury could not have found the defendant negligent for having stacked the cartons in such a manner as to create a foreseeable danger of injury to a patron such as the plaintiff.

Consequently, the judgment of the Superior Court is reversed and the papers are remanded to the Superior Court for trial on the merits.