Robert MARTINO

v.

Patrick LEARY et al.

No. 98–172–Appeal.

Supreme Court of Rhode Island.

Oct. 21, 1999.

Anthony T. Jackvony, Providence, for Plaintiff.

Paul A. Anderson, Michael G. Sarli, Peter A. Clarkin, Dennis D. Bossian, Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on October 4, 1999, pursuant to an order directing the plaintiff, Robert Martino, to show cause why the issues raised by this appeal should not be summarily decided. The plaintiff timely appealed from the entry of a Superior Court judgment as a matter of law in favor of the defendants Patrick Leary

(Leary), P.A.G., Inc., d.b.a. Domino's Pizza, and Domino's Pizza, Inc., (Domino's) and the defendants Joseph A. Zuffolatti (Zuffolatti), and Sears, Roebuck & Co. (Sears). After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and proceed to decide the case at this time, without further briefing or argument.

On the evening of December 6, 1989, plaintiff was driving an automobile on Charles Street in Providence, Rhode Island, when he was struck by a car driven by Leary. Rain was falling, and according to the parties, the streets were wet. At the time of the accident, Leary, a driver for Domino's, had just delivered a pizza and was driving down hill on Raphael Street, which is perpendicular to Charles Street. As Leary approached the intersection at Charles Street, he applied his brakes and his car skidded forward into the car driven by plaintiff. Upon impact, plaintiff's car spun 180 degrees. After the accident, plaintiff was treated at the emergency room of the Miriam Hospital for complaints of pain in his back and neck.

On December 18, 1989, twelve days later, plaintiff was slowing to a stop on Silver Spring Street in Providence when his car was hit in the rear by a truck driven by Zuffolatti and owned by defendant Sears. The impact pushed plaintiff's vehicle six feet forward. The plaintiff returned to the emergency room at the Miriam Hospital with complaints of pain in his back and neck, but he conceded that the pain from the earlier accident had not subsided.

The trial justice found that the evidence presented by plaintiff, taken in a light favorable to him, could not support, as a matter of law, a finding that Leary was negligent in the December 6, 1989 accident. Additionally, the trial justice found that plaintiff's expert medical testimony was insufficient, as a matter of law, to establish that plaintiff's alleged back and neck injuries were causally related to the December 18, 1989 accident. Therefore, she entered judgment as a matter of law in favor of all defendants.

■ In deciding a motion for judgment as a matter of law pursuant to Rule 50 of the Superior Court Rules of Civil Procedure, the trial justice

"considers the evidence in the light most favorable to the nonmoving party, without weighing the evidence or evaluating the credibility of witnesses, and draws from the record all reasonable inferences that support the position of the nonmoving party. * * * If, after such a review, there remain factual issues upon which reasonable persons might draw different conclusions, the motion for [judgment as a matter of law] must be denied, and the issues must be submitted to the jury for determination." *De-Christofaro v. Machala*, 685 A.2d 258, 262 (R.I.1996).

On appeal, plaintiff claimed that the trial justice erred in granting Leary's motion for judgment as a matter of law and argued that he had presented evidence upon which a reasonable person could find that defendant Leary was negligent on the night of the accident. We agree.

■ In this case, sufficient evidence exists from which the jury could have inferred that Leary was negligent. For example, plaintiff argued that evidence of negligence could be found insofar as Leary failed to exercise care under the poor weather conditions that prevailed when he approached the intersection, conditions requiring reduced speed under G.L.1956 § 31–14–3. The plaintiff also argued that the jury should be allowed to infer that Leary's rate of speed indicated lack of due care because upon impact, plaintiff's car spun around to face the opposite direction. Moreover, Leary testified that he was unaware of his speed at the time because his speedometer "wasn't working."

■ With respect to the second accident, here, too, a jury question existed

insofar as whether an aggravating injury occurred. On the basis of medical testimony that the second injury aggravated plaintiff's first injury, the jury could have apportioned the resulting damages.

In short, in granting a judgment as a matter of law for the defendants, the trial justice failed to submit the question of negligence to the jury, but instead invaded the province of the jury by impermissibly finding facts.

Therefore, we sustain the appeal with respect to both accidents and vacate the judgment of the Superior Court, to which we remand this case for a new trial.