## Caroline BARONE

### v.

## The CHRISTMAS TREE SHOP.

### No. 98–525–Appeal.

Supreme Court of Rhode Island.

March 12, 2001.

Henry J. Almagno, Providence, for plaintiff.

John H. Bruno II, Worcester, MA, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

WEISBERGER, Chief Justice.

This case came before us on the appeal of the plaintiff, Caroline Barone (plaintiff or Barone), from a judgment entered in the Superior Court in favor of the defendant, The Christmas Tree Shop (defendant or shop). The judgment was entered pursuant to an order of the trial justice granting the defendant's motion for judgment as a matter of law. The plaintiff filed a timely appeal from the judgment. The plaintiff's sole issue on appeal is the propriety of the entry of judgment on behalf of the shop as a matter of law. The facts of the case insofar as pertinent to this appeal are as follows.

On February 2, 1996, plaintiff and her sister, Anna Simonelli (sister), were driven by the plaintiff's niece, Margaret Thompson (Thompson), to the shop in Warwick, Rhode Island, shortly before 10 a.m. The plaintiff and her sister left the automobile and entered the store.

At that time, it was snowing and wet outside the store. As they entered the store, it appeared that the floor around the service area was wet. The plaintiff walked down an aisle in the store looking for merchandise. She found two plush bunnies that she considered purchasing for her niece and nephew. She called to her sister to show the bunnies to her.

At that point, plaintiff testified that she "slipped on some wet substance" and fell. It is undisputed that the fall caused her to fracture her leg. At the time of the fall, she was wearing rubber-soled snow boots. The plaintiff did not notice any water on the floor while she was lying where she had fallen, awaiting assistance. The plaintiff's sister hurried to the spot where plaintiff had fallen, but also did not notice any water at that site, although she did notice water and puddles in other parts of the store.

Thompson returned to the store at about 11:15 a.m. after attending a meeting. When she arrived, she walked into the front portion of the store, where plaintiff was sitting in a chair. The plaintiff was in the vicinity of the service desk. Thompson noted that in this area there was heavy pedestrian traffic and the floor was wet. However, she did not go to the area where plaintiff had fallen and was unable to testify concerning the condition of that area. Thompson took plaintiff by car to Our Lady of Fatima Hospital, where she was treated.

At the conclusion of plaintiff's case, defendant moved for judgment as a matter of law. At that juncture, the trial justice denied the motion. Thereafter, defendant presented Judith Kerr (Kerr), an assistant store manager. This witness testified that

although the floor throughout the store was tile, the area at the entrance was carpeted. There also were mats, called "water hogs," in place near the entrance. These mats were designed to absorb excess water brought in by pedestrians. Kerr further testified that there were two maintenance men on duty that day whose duty it was to clean up debris and spills. Kerr testified that the area in which plaintiff fell was clean and clear of any water. The defendant presented a department head, Faith Needham, who testified that she was responsible for making certain that the front of the store near the entrance way was free of debris and puddles.

At the conclusion of defendant's case, the shop renewed its motion for the entry of judgment as a matter of law. The trial justice granted the motion with the following comment:

"In this matter, while there is some evidence that [*sic* ] of the conditions that existed outside the store at the time, there's no evidence, which has been offered, as to the condition of the floor at the precise location where the plaintiff fell. The testimony by the plaintiff, her witness, Ms. Simonelli, by the defendant's witnesses, Ms. Kerr and Ms. Needham, that at the location where Mrs. Barone fell, no one saw any water."

## Standard of Review

■ It is well settled that this Court and the trial justice, in confronting the issue of the propriety of granting a judgment as a matter of law in favor of the defendant, must view the evidence in the light most favorable to the plaintiff and must draw all reasonable, favorable inferences from that testimony without weighing the testimony or assessing the credibility of the witnesses. *See, e.g., D'Antuono v. Narragansett Bay Insurance Co.,* 721 A.2d 834, 836 (R.I.1998); *Massart v. Toys R Us, Inc.,* 708 A.2d 187, 188–89 (R.I.1998); *DeChristofaro v. Machala,* 685 A.2d 258, 262 (R.I.1996); *Grant v. Briskin,* 603 A.2d 324, 327 (R.I.1992); *AAA Pool Service & Sup-*

*ply, Inc. v. Aetna Casualty & Surety Co.,* 479 A.2d 112, 115 (R.I.1984). After examining the evidence as required and drawing all reasonable inferences in favor of the nonmoving party, the court may grant a motion for judgment as a matter of law only if there are no issues of fact upon which reasonable minds may differ. *See AAA Pool Service & Supply, Inc.,* 479 A.2d at 115.

■ In the case at bar, it is most significant that neither plaintiff nor her sister described or testified concerning the nature of any water on the floor at the location where plaintiff fell, although both had noted the existence of water and puddles in other parts of the store, particularly near the entrance. The rule as set forth in numerous cases is that a plaintiff who has fallen must present evidence to prevail against the owner of the premises showing that he or she fell because of an unsafe condition on the premises of which the defendant was or should have been aware and that the condition existed for a long enough period of time so that the owner or occupier of the premises should have taken steps to correct the condition. *See Massart,* 708 A.2d at 189.

In the case at bar, plaintiff and her witnesses presented no evidence of the nature and extent of water at the site of her fall and certainly no evidence from which an inference could be drawn concerning the length of time such a slippery substance or water was present at that place. Although plaintiff testified that she slipped "on some wet substance," she did not observe the nature of the substance and did not describe any water at the place where she fell. Similarly, her sister did not notice any water at the site of the fall.

Consequently, the trial justice did not err in granting a motion for judgment as a matter of law since there was no issue of fact upon which reasonable minds might differ. There was a complete absence of evidence upon which the defendant's negligence could be predicated. Therefore, the

plaintiff's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in the case are remanded to the Superior Court.

Chief Justice WILLIAMS did not participate.

GOLDBERG, Justice, dissenting.

I respectfully dissent from the decision of the majority. It is axiomatic that a trial justice, in ruling on a motion for judgment as a matter of law may not weigh the evidence, may not resolve disputed issues of fact and must view the evidence in the light most favorable to the nonmoving party, drawing "from the record *all reasonable inferences that support the position of the nonmoving party.* * * * If, after such a review, there remain factual issues upon which reasonable persons might draw different conclusions, the motion for [judgment as a matter of law] must be denied, and the issues must be submitted to the jury for determination." *Martino v. Leary,* 739 A.2d 1181, 1182 (R.I.1999) (quoting *DeChristofaro v. Machala,* 685 A.2d 258, 262 (R.I.1996)). (Emphasis added.) I am satisfied that the trial justice failed to apply the correct standard, overlooked and misconceived material evidence and impermissibly resolved in favor of defendant the evidentiary inferences created from the established facts.

At the close of plaintiff's case, in denying defendant's motion for judgment as a matter of law, the trial justice found that,

"[T]he plaintiff, Caroline Barone, on direct examination testified that she slipped on a substance, and she identified that substance as being water. She further testified, and this testimony is corroborated by the exhibit, particularly the National Weather Service exhibit, * * * that on the day in question that it had been snowing * * *.

"Ms. Barone testified, and this was corroborated by the testimony of her sister, Ms. Simonelli, that there were puddles of water that were at various locations within the establishment * * *. [However,] Ms. Barone testified that she could not recall whether or not there were floor mats [on the floor upon entering the store].

"The presence or absence of those floor mats, an inference could be drawn, if there were not floor mats, that the defendant was negligent in not providing the floor mats such that people would be able to remove snow, water, ice from their feet, and thereby track the substance into the store * * * but there is testimony that, from Ms. Barone, as well as Ms. Simonelli, that there was at various locations in the store water or substances which[,] they testified[,] were water * * *."

The defendant presented a case and attempted to address the trial justice's concerns about the presence of floor mats, the absence of which, according to the trial justice, could create an inference of negligence and as it turned out, the presence of which defeated an inference of negligence. The defendant presented the testimony of Judith Kerr (Ms. Kerr), an assistant store manager who testified, in apparent contrast with the testimony of plaintiff, that the area where plaintiff was sitting after her fall was clear of water. She also testified that it was routine practice for the store's maintenance workers to position water absorbing floor mats in the vestibule area of the store. According to Ms. Kerr, these workers were responsible for mopping the floor around 7:30 or 8 a.m., before the store opened for business. Faith A. Needham (Ms. Needham), a department head at The Christmas Tree Shop, also testified that she was working from 7 a.m. until 10 a.m. in the area of the store where the plaintiff fell. To her knowledge, the floor was clean; she testified that she observed no water. Ms. Needham further stated that when she arrived at the area where plaintiff was sitting after her fall, she observed no water on the floor at that time.

At the close of defendant's case, the trial justice considered this evidence and, in my opinion, proceeded to resolve disputed questions of fact in defendant's favor. For example, Ms. Barone had testified, as the trial justice acknowledged in his previous ruling, that water on the floor caused her to slip and fall. However, the defense presented evidence that the area where plaintiff fell was free of water and that defendant maintained a two-man crew responsible for making sure the floor was clear. The plaintiff argued that the testimony proffered by defendant was that the crew was finished mopping the floor by 9 a.m. The trial justice responded,

"That's not the testimony. The testimony is that the two employees of [the] Christmas Tree Shop mop the floor before the store opens, but after it opens, that the testimony of Ms. Needham is that they, as a regular course of their duties, are required to pick up spills, and to mop things, spills that may have occured."

However, there was no evidence presented that this crew actually mopped anything that morning. Indeed the plaintiff's evidence was that the floor was littered with puddles of water. In his decision granting the motion for judgment as a matter of law the trial justice found as follows:

"The circumstances here in this case are different [from *Cutroneo v. F.W. Woolworth Co.* ]. [Here,] [t]he defendant has presented evidence. The Court is constrained to examine the evidence, even without the credibility, without looking at the weight, and in determining whether or not[,] from all of the evidence that the plaintiff has proven that the defendant was negligent.

"In *Gleason [v. Almac's,* 103 R.I. 40, 234 A.2d 350 (1967) ], there was no evidence which had been offered as to the steps that the defendant undertook to maintain the premises.

"Here, in this case, there is evidence as to the steps that the defendant customarily and ordinarily employed to maintain the premises.

\* \* \*

"In this matter, while there is some evidence that—of the conditions that existed outside the store at the time, *there's no evidence, which has been offered, as to the condition of the floor at the precise location where the plaintiff fell.* The testimony by the plaintiff, her witness, Ms. Simonelli, by the defendant's witnesses, Ms. Kerr and Ms. Needham, that at the location where Mrs. Barone fell, *no one saw any water.*

"Given the evidence in this matter, the Court is constrained to grant the defendant's motion for judgment as a matter of law. The action against the defendants is dismissed."[1] (Emphasis added .)

This finding is in direct contradiction to his previous ruling in which the trial justice explicitly found that "plaintiff, Caroline Barone, on direct examination testified that she slipped on a substance, and she identified the substance as being water" and further, that the evidence disclosed "that on the day in question it had been snowing" and that "there were puddles of water that were at various locations within the establishment." Thus, the finding of the trial justice that "there's no evidence, which has been offered, as to the condition of the floor at the precise location where the plaintiff fell" is simply incorrect and amounts to an impermissible factual determination by the trial justice in violation of Rule 50 of the Superior Court Rules of Civil Procedure.

The strength of the evidence in this case was that it was capable of an inference of negligence. Juries in this state are consistently instructed on the probative value of circumstantial evidence that is capable of establishing facts through the drawing of

---

1. *Cutroneo v. F.W. Woolworth Co.,* 112 R.I. 696, 315 A.2d 56 (1974) (where the case was dismissed at the conclusion of plaintiff's case).

inferences. For example, trial judges instruct juries on the story of the milk bottle [2] and conclude with the admonition that the probative value of circumstantial evidence is the same as that of direct evidence.

I respectfully suggest to my colleagues, that in this case, from the established fact that it was snowing on that fateful morning, and the fact that plaintiff testified she slipped on water and the fact that there were puddles of water throughout the store, one could reasonably draw the inference that there was water on the floor, including the area where plaintiff fell. Further, given the number of puddles observed throughout the establishment, a jury could reasonably find that the defendant knew or should have known of the hazard to plaintiff and other business invitees, and, that given the testimony relative to the number of puddles on the floor, defendant's witnesses may not have been credible. Moreover, from the existence of numerous puddles throughout the store, so early in the business day, a jury could also find that the "steps that the defendant customarily and ordinarily employed to maintain the premises" that so impressed the trial justice failed, or the testimony was simply not worthy of belief.

Slip and fall cases are difficult to prove; there will hardly ever be a situation in which a store owner or manager comes forward and admits that the floor was wet and that the dangerous condition should have been corrected in a more timely manner. This is part of human nature. These cases are established through circumstantial evidence from which a jury can infer the existence or nonexistence of negligence on the part of a defendant. I believe this is such a case. *See DeRobbio v. Stop and Shop Supermarket,* 756 A.2d 209 (R.I. 2000) (in which employee of the supermarket was working in close proximity to where plaintiff fell and the evidence was undisputed that plaintiff tripped over a box on the floor, reasonable minds could differ on the question of whether defendant was on notice of the dangerous condition).

This case might not have been the strongest case in the court system that day but it was Mrs. Barone's only case. It should have gone to the jury. Consequently, I dissent.

2. Prior to retiring for the night, you place an empty milk bottle outside the kitchen door and sleep the night through; upon arising in the morning, you open the door and retrieve a bottle of fresh milk, you can reasonably conclude that the milkman (or the milk woman) came during the night. Although no one saw the milkman arrive, from the presence of an empty bottle at night to the presence of a full bottle in the morning, one can draw the inference that the milkman came during the night.