BROOKSHIRES GROCERY COMPANY *v.* Lyman PIERCE

CA 00-164                                    29 S.W.3d 742

Court of Appeals of Arkansas
Division III
Opinion delivered October 25, 2000

*Bridges, Young, Matthews & Drake PLC*, by: *Stephen A. Matthews* and *R. Scott Morgan*, for appellant.

*John Richard Byrd* and *Michael D. Ray*, for appellee.

JOHN MAUZY PITTMAN, Judge. The appellee in this tort case sued appellant, Brookshires Grocery Company, alleging that he fell and was injured in appellant's store on June 3, 1997, because of appellant's negligence. After trial, the jury returned a verdict in favor of appellee and awarded damages in the amount of $149,089.24 against appellant. From that decision, comes this appeal.

Appellant concedes that the immediate cause of appellee's injury was that he slipped on some grapes on the floor of appellant's store near the produce department, but contends that the trial judge erred in denying its motions for directed verdict because there is no substantial evidence to show that the grapes were on the floor because of appellant's negligence, or that the grapes were on the floor so long that they should have been discovered by appellant's employees. We find no error, and we affirm.

■ In reviewing the trial court's denial of appellant's directed-verdict motion, it is not this court's province to try issues of fact. *Conagra, Inc. v. Strother*, 340 Ark. 672, 13 S.W.3d 150 (2000). Instead, we simply examine the record in the light most favorable to the appellee and affirm the jury's verdict if there is substantial evidence to support it. Substantial evidence is that which is of sufficient force and character that it will compel a conclusion one way or another, forcing or inducing the mind to pass beyond suspicion or conjecture. *Wal-Mart Stores, Inc. v. Binns*, 341 Ark. 157, 15 S.W.3d 320 (2000).

■ A property owner has a duty to exercise ordinary care to maintain his premises in a reasonably safe condition for the benefit of an invitee and, in order to prevail in a typical slip-and-fall case involving an invitee, the plaintiff must show either (1) that the presence of a substance upon the premises was the result of the defendant's negligence, or (2) that the substance had been on the premises for such a length of time that the defendant knew or reasonably should have known of its presence and failed to use ordinary care to remove it. *Kopriva v. Burnett-Croom-Lincoln-Paden*, 70 Ark. App. 131, 15 S.W.3d 361 (2000). However, where the slippery condition is not the result of an isolated incident but is instead a recurring one, the traditional slip-and-fall analysis is inapplicable, and the question is simply whether the business owner used ordinary care to keep his premises free from dangerous conditions likely to cause injury to invitees. *Conagra, Inc. v. Strother*, 68 Ark. App. 120, 5 S.W.3d 69 (1999); *see also Heigle v. Miller*, 332 Ark. 315, 965 S.W.2d 116 (1998).

■ The question in the present case is simply whether there was sufficient evidence to support a jury finding that there was a recurrent slippery condition in appellant's store, and whether appellant employed ordinary care to keep its premises free from that

condition. There was evidence that appellee had noticed tomatoes, lettuce, onions, cauliflower, grapes, and other such items on the floor in the produce section on prior shopping trips. There was also evidence that, on the day he was injured, appellee drew the produce clerk's attention to two separate produce spills, but that the produce clerk appeared unconcerned and told appellee he would clean them up later. Appellee checked out after this incident but, upon reaching the parking lot, realized that he had forgotten an item and reentered the store. He then slipped on some grapes near the produce area and was injured. There was, in addition, evidence that store management was aware that the produce section was a particularly dangerous area for falls, and had a schedule for inspection of the floors by management that it did not adhere to. Finally, appellant's grocery manager at the time of the accident testified that it was the produce clerk's duty to keep the floor clean in his area, but that the clerk assigned to the produce section on the day appellee was injured was known to be "slouchy" and not diligent in cleaning up spilled items, but that this clerk nevertheless continued to be assigned to that area. Viewing the record, as we must, in the light most favorable to the appellee, we cannot say that the evidence does not support a finding that there was a recurrent slippery condition in appellant's produce section as the result of appellant's failure to exercise ordinary care, and we therefore affirm.

Affirmed.

STROUD and NEAL, JJ., agree.