FRANCIS SHEEHAN & another[1] *vs.* ROCHE BROTHERS SUPERMARKETS, INC., & others.[2]

Norfolk. December 6, 2006. - April 17, 2007.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, & CORDY, JJ.

*Practice, Civil,* Summary judgment. *Negligence,* Grocery store, One owning or controlling real estate, Retailer.

Discussions of the traditional approach to premises liability in grocery store slip and fall cases, which required the plaintiff to prove that the defendant had actual or constructive notice of the hazardous condition that caused the plaintiff's fall [782-784], and two different modifications of the burden of proof that various jurisdictions have adopted to accommodate modern merchandising techniques [784-787].

This court announced its adoption of the "mode of operations" approach to premises liability in grocery store slip and fall cases, which makes a store owner liable if the owner could reasonably foresee that a dangerous condition caused by a third party could occur, resulting from the owner's chosen mode of operation, and the owner failed to take adequate steps to forestall resulting injuries [787-792]; accordingly, in a civil action brought by a supermarket customer who slipped and fell on a grape, this court reversed summary judgment granted to the defendant and remanded the case to the Superior Court for further proceedings, in light of its new approach to premises liability, and the defendant having had notice of the inherent risks associated with its chosen mode of operation [792].

CIVIL ACTION commenced in the Superior Court Department on December 26, 2003.

The case was heard by *John P. Connor, Jr.,* J., on a motion for summary judgment.

The Supreme Judicial Court granted an application for direct appellate review.

*Stephen M. Born & William F. Spallina* for the plaintiffs.

*H. Charles Hambelton* for Roche Brothers Supermarkets, Inc.

---

[1]Mary Sheehan. We shall refer to a single plaintiff for the purposes of this opinion.

[2]Several John Does. We shall refer to a single defendant for the purposes of this opinion.

IRELAND, J. After the plaintiff slipped and fell on a grape in a grocery store owned by the defendant, Roche Brothers Supermarkets, Inc., he filed a complaint seeking damages for the injuries resulting from the defendant's alleged negligence. A Superior Court judge granted a motion for summary judgment in favor of the defendant, pursuant to Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). In doing so, the judge applied the "traditional approach" to premises liability and ruled that the plaintiff could not establish that the defendant had actual or constructive knowledge of the condition that caused the plaintiff to slip and fall. The plaintiff appealed, and we granted his application for direct appellate review. On appeal, the plaintiff claims that summary judgment was improperly granted and urges this court to follow a more modern trend and adopt a "mode of operation" approach to determine premises liability. Because we conclude that the defendant had notice of the inherent risks associated with the operation of its self-service grocery store, we now adopt the mode of operation approach, and we reverse the judge's decision and remand the case for further proceedings consistent with this opinion.

*Facts and procedural background.* Viewing the evidence in the light most favorable to the plaintiff, *Augat, Inc.* v. *Liberty Mut. Ins. Co.*, 410 Mass. 117, 120 (1991), citing Mass. R. Civ. P. 56 (c), the facts are as follows. On May 1, 2003, the plaintiff entered a supermarket located in Quincy owned by the defendant. As he was walking through the store, he slipped and fell in the front crossing aisle near the customer service counter. Consequently, the plaintiff suffered severe injuries, including a subdural hematoma, and was hospitalized approximately one month and spent three additional weeks in a rehabilitation facility, incurring substantial medical expenses.

After falling, the plaintiff observed the area where he fell and spotted the pulp of a grape on the floor. The store manager, Thomas Moynihan, testified in a deposition that he also observed the area and noticed a small piece of grape and a small amount of clear liquid next to it. In this particular grocery store, all grapes were packaged in individually sealed bags, easily opened by the hand, and placed in a wicker basket. The grapes were located on a tiered display table, surrounded by mats, in the produce department.

In December, 2003, the plaintiff filed a complaint in the Superior Court. The defendant filed a motion for summary judgment, which a Superior Court judge granted, holding that the plaintiff could not prove that the defendant had prior notice of the hazardous condition that caused his fall. To support this conclusion, the judge, relying on *Oliveri* v. *Massachusetts Bay Transp. Auth.*, 363 Mass. 165 (1973), stated that there was no evidence pertaining to when the grape fell, and the grape's appearance was not indicative that it had been lying on the floor long enough for the defendant to be put on notice of the potential hazard it posed. The plaintiff timely filed a notice of appeal.

*Discussion.* "The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law." *Augat, Inc.* v. *Liberty Mut. Ins. Co.*, *supra*, citing Mass. R. Civ. P. 56 (c). The defendant argues that summary judgment was proper because the plaintiff failed to sustain his burden of proving that the defendant had either constructive or actual notice of the hazardous condition that caused his fall. *Oliveri* v. *Massachusetts Bay Transp. Auth.*, *supra* at 166 (plaintiff must prove that foreign substance on floor causing her to slip and fall was there "long enough so that in the exercise of reasonable care the defendant should have discovered and removed it").

1. *The Restatement and traditional premises liability approach.* Restatement (Second) of Torts § 343 (1965), states: "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger."

Under the traditional approach to premises liability, the plaintiff is required to prove a grocery store caused a substance, matter, or item to be on the floor; the store operator had actual knowledge

of its presence; or the substance, matter, or item had been on the floor so long that the store operator should have been aware of the condition. See *S.H. Kress & Co.* v. *Thompson*, 267 Ala. 566, 569 (1957); *Maans* v. *Giant of Md., LLC*, 161 Md. App. 620, 639 (2005); *Barone* v. *Christmas Tree Shop*, 767 A.2d 66, 68 (R.I. 2001). A number of jurisdictions continue to follow the traditional premises liability approach, and some of these jurisdictions have declined the invitation to adopt more modern approaches. See *Maans* v. *Giant of Md., LLC, supra*; *Ortega* v. *Kmart Corp.*, 26 Cal. 4th 1200 (2001).[3]

Historically, Massachusetts has also followed the traditional approach governing premises liability. A store owner has been required to maintain its property "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of

---

[3]The following jurisdictions currently follow the traditional premises liability approach: Alabama, Alaska, California, Delaware, Iowa, Louisiana, Maryland, Michigan, Minnesota, Nebraska, New Hampshire, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Virginia, and West Virginia. See *S.H. Kress & Co.* v. *Thompson*, 267 Ala. 566, 569 (1957); *Kremer* v. *Carr's Food Ctr., Inc.*, 462 P.2d 747, 749 (Alaska 1969); *Ortega* v. *Kmart Corp.*, 26 Cal. 4th 1200 (2001); *Howard* v. *Food Fair Stores, New Castle*, 57 Del. 471, 480 (1964); *Richardson* v. *Commodore, Inc.*, 599 N.W.2d 693, 696 (Iowa 1999); *Kavlich* v. *Kramerla*, 315 So. 2d 282 (La. 1975), superseded by statute, La. Rev. Stat. Ann. § 9:2800.6 (West 1997); *Maans* v. *Giant of Md., LLC*, 161 Md. App. 620, 639 (2005); *Whitmore* v. *Sears, Roebuck & Co.*, 89 Mich. App. 3, 8, (1979); *Norman* v. *Tradehome Shoe Stores, Inc.*, 270 Minn. 101, 106 (1965); *Herrera* v. *Fleming Cos.*, 265 Neb. 118, 122 (2003); *Simpson* v. *Wal-Mart Stores, Inc.*, 144 N.H. 571, 574 (1999); *Gordon* v. *American Museum of Natural History*, 67 N.Y.2d 836, 837 (1986); *Nourse* v. *Food Lion, Inc.*, 127 N.C. App. 235, 238 (1997); *Johanson* v. *Nash Finch Co.*, 216 N.W.2d 271, 275 (N.D. 1974); *Anaple* v. *Standard Oil Co.*, 162 Ohio St. 537, 541 (1955); *Lee* v. *Meier & Frank Co.*, 166 Or. 600, 605 (1941); *Martino* v. *Great Atl. & Pac. Tea Co.*, 419 Pa. 229, 233 (1965); *Barone* v. *Christmas Tree Shop*, 767 A.2d 66, 68 (R.I. 2001); *Wintersteen* v. *Food Lion, Inc.*, 344 S.C. 32, 35 (2001); *Ballard* v. *Happy Jack's Supper Club*, 425 N.W.2d 385, 388 (S.D. 1988); *Miracle Mart, Inc.* v. *Webb*, 205 Va. 449, 453 (1964); *McDonald* v. *University of W. Va. Bd. of Trustees*, 191 W. Va. 179, 182 (1994).

There are also several jurisdictions, including Arkansas, Maine, and Nevada, that have adopted an exception to the traditional premises liability rule, often referred to as the recurrent risk approach discussed *infra*. See *Brookshires Grocery Co.* v. *Pierce*, 71 Ark. App. 203 (2000); *Dumont* v. *Shaw's Supermarkets, Inc.*, 664 A.2d 846, 849 (Me. 1995); *Sprague* v. *Lucky Stores, Inc.*, 109 Nev. 247, 251 (1993).

avoiding the risk." *Mounsey* v. *Ellard*, 363 Mass. 693, 708 (1973). However, the law has afforded store owners a reasonable opportunity to discover and correct any hazards before liability attaches. See *Barry* v. *Beverly Enters.-Mass., Inc.*, 418 Mass. 590, 593 (1994); *Gilhooley* v. *Star Mkt. Co.*, 400 Mass. 205, 207-208 (1987); *Oliveri* v. *Massachusetts Bay Transp. Auth.*, *supra* at 166. This court has thus held that premises liability attaches only if a store owner has actual or constructive notice of the existence of the dangerous condition, sufficient to allow time for the owner to remedy the condition. *Gallagher* v. *Stop & Shop, Inc.*, 332 Mass. 560, 563 (1955). See *Toubiana* v. *Priestly*, 402 Mass. 84, 87-88 (1988). In determining whether an owner has actual or constructive notice in slip and fall cases involving vegetable or fruit matter, an emphasis has been placed on the physical characteristics of the substance to determine how long it had been left on the floor. See *Anjou* v. *Boston Elevated Ry.*, 208 Mass. 273 (1911). In *Oliveri* v. *Massachusetts Bay Transp. Auth.*, *supra* at 170-171, for example, even though the plaintiff's fall was caused by a sticky, hard substance located on a step in a stairway, this court determined that there was insufficient evidence substantiating how long the foreign substance had been on the stair.

2. *Modern trends in premises liability.* Other jurisdictions have modified premises liability laws to accommodate modern merchandising techniques. The modification of the traditional premises liability approach is, in large part, based on the change in grocery stores from individualized clerk-assisted to self-service operations and focuses on the reasonable foreseeability of a patron's carelessness in the circumstances, instead of on constructive or actual notice. See *Bloom* v. *Fry's Food Stores, Inc.*, 130 Ariz. 447 (1981); *Tom* v. *S.S. Kresge Co.*, 130 Ariz. 30, 32 (Ct. App. 1981). In a self-service grocery store, merchandise is easily accessible to customers, which results in foreseeable spillage and breakage that customers may encounter while shopping, thus requiring store owners to use a degree of care commensurate with the risks involved. See *Moore* v. *Wal-Mart Stores, Inc.*, 111 Cal. App. 4th 472, 476 (2003); *Safeway Stores, Inc.* v. *Smith*, 658 P.2d 255 (Colo. 1983). Spillage and breakage is attributable to customers who generally may not be as careful

and vigilant as a store owner because customers are not focused on the owner's concern of keeping items off the floor to avoid potential foreseeable risks of harm to other patrons. See generally *Golba* v. *Kohl's Dep't Store, Inc.*, 585 N.E.2d 14, 15 (Ind. Ct. App. 1992). Additionally, customers often focus on displayed items that are arranged specifically to attract their attention, often making them unaware of what might be on the floor. *Id.*

Although these jurisdictions have modified the plaintiff's burden of proof in slip and fall cases, they differ as to the extent of their modification of the traditional approach. There appear to be at least two other premises liability approaches, i.e., "mode of operation" and "burden shifting." There are also several jurisdictions that utilize a combination of the three major approaches.[4]

a. *Mode of operation approach.* One variation to the traditional premises liability approach is called the mode of operation approach.[5] This approach focuses on "the nature of the defendant's business [that] gives rise to a substantial risk of

---

[4]The following jurisdictions currently follow hybrid approaches to premises liability: Illinois (combination of traditional and mode of operation), New Jersey (combination of mode of operation and burden shifting), New Mexico (combination of mode of operation and recurring condition), and Oklahoma (combination of mode of operation and burden shifting). See *Donoho* v. *O'Connell's, Inc.*, 13 Ill. 2d 113, 118, 124-125 (1958); *Wollerman* v. *Grand Union Stores, Inc.*, 47 N.J. 426, 429 (1966); *Mahoney* v. *J.C. Penney Co.*, 71 N.M. 224, 259-260 (1962); *Lingerfelt* v. *Winn-Dixie Tex., Inc.*, 645 P.2d 485, 489 (Okla. 1982).

[5]The following jurisdictions have adopted the mode of operation approach: Arizona, Connecticut, Hawaii, Idaho, Illinois, Indiana, Kansas, Mississippi, Missouri, New Jersey, New Mexico, Oklahoma, Tennessee, Texas, Utah, Vermont, Washington, Wisconsin, and Wyoming. See *Chiara* v. *Fry's Food Stores of Ariz., Inc.*, 152 Ariz. 398, 401 (1987); *Meek* v. *Wal-Mart Stores, Inc.*, 72 Conn. App. 467, 474-481 (2002); *Gump* v. *Walmart Stores, Inc.*, 93 Haw. 428, 441-444 (Ct. App. 1999), aff'd in part and rev'd in part on other grounds, 93 Haw. 417 (2000); *McDonald* v. *Safeway Stores, Inc.*, 109 Idaho 305, 308 (1985); *Donoho* v. *O'Connell's, Inc.*, 13 Ill. 2d 113, 118, 124-125 (1958); *Golba* v. *Kohl's Dep't Store, Inc.*, 585 N.E.2d 14, 17 (Ind. Ct. App. 1992); *Jackson* v. *K-Mart Corp.*, 251 Kan. 700, 710 (1992); *Waller* v. *Dixieland Food Stores, Inc.*, 492 So. 2d 283 (Miss. 1986); *Sheil* v. *T.G. & Y. Stores Co.*, 781 S.W.2d 778, 782 (Mo. 1989); *Wollerman* v. *Grand Union Stores, Inc.*, 47 N.J. 426, 429 (1966); *Mahoney* v. *J.C. Penney Co.*, 71 N.M. 224, 259-260 (1962); *Lingerfelt* v. *Winn-Dixie Tex., Inc.*, 645 P.2d 485, 489 (Okla. 1982); *Worsham* v. *Pilot Oil Corp.*, 728 S.W.2d 19 (Tenn. Ct. App. 1987); *Corbin* v. *Safeway Stores, Inc.*, 648 S.W.2d 292, 298 (Tex. 1983); *Canfield* v. *Albert-*

injury to customers from slip and fall accidents." *Safeway Stores, Inc.* v. *Smith, supra* at 258. This approach also considers whether "the plaintiff's injury was proximately caused by such an accident within the zone of risk." *Id.* Courts adopting this approach have concluded that where an owner's chosen mode of operation makes it reasonably foreseeable that a dangerous condition[6] will occur, a store owner could be held liable for injuries to an invitee if the plaintiff proves that the store owner failed to take all reasonable precautions necessary to protect invitees from these foreseeable dangerous conditions. See *Tom* v. *S.S. Kresge Co., supra; Meek* v. *Wal-Mart Stores, Inc.,* 72 Conn. App. 467, 480-481 (2002); *Gump* v. *Walmart Stores, Inc.,* 93 Haw. 428, 445 (Ct. App. 1999), aff'd in part and rev'd in part on other grounds, 93 Haw. 417 (2000); *Jackson* v. *K-Mart Corp.,* 251 Kan. 700, 710-711 (1992); *Pimentel* v. *Roundup Co.,* 100 Wash. 2d 39, 47, 49 (1983).

Under the mode of operation approach, the plaintiff's burden to prove notice is not eliminated. Instead, the plaintiff satisfies the notice requirement if he establishes that an injury was attributable to a reasonably foreseeable dangerous condition on the owner's premises that is related to the owner's self-service mode of operation. This is based on the premise that "the owner of such a self-service establishment has actual notice that his mode of operation creates certain risks of harm to his customers. Since a self-service operation involves the reasonable probability that these risks will occur, these risks are foreseeable." *Pimentel* v. *Roundup Co., supra* at 43. However, the plaintiff, under this approach, is still required to prove that the defendant failed to take reasonable measures commensurate with the risks involved with self-service mode of operation to prevent injury to invitees and "bears the burden of persuading the jury that the

*sons, Inc.,* 841 P.2d 1224, 1226 (Utah Ct. App. 1992); *Debus* v. *Grand Union Stores of Vt.,* 159 Vt. 537, 545-546 (1993); *Pimentel* v. *Roundup Co.,* 100 Wash. 2d 39, 47, 49 (1983); *Steinhorst* v. *H.C. Prange Co.,* 48 Wis. 2d 679, 683-684 (1970); *Buttrey Food Stores Div.* v. *Coulson,* 620 P.2d 549, 553 (Wyo. 1980).

[6]The use of the terms "dangerous" and "hazardous" conditions throughout this opinion refer to conditions that stem from an owner's mode of operation. These conditions may include, but are not limited to, spilled foreign substances or fallen matter.

defendant acted unreasonably." *Chiara* v. *Fry's Food Stores of Ariz., Inc.*, 152 Ariz. 398, 401 (1987). See *Jackson* v. *K-Mart Corp.*, *supra*; *Pimentel* v. *Roundup Co.*, *supra*.

b. *Burden-shifting approach.* Under an approach often called the burden-shifting approach, several jurisdictions[7] have eliminated the plaintiff's traditional burden of establishing actual or constructive notice of the condition that caused their particular injury. Instead, when a plaintiff proves that an injury occurred resulting from a premise hazard[8] or a transitory foreign substance in a self-service store, a rebuttable presumption of negligence arises. The burden then shifts to the defendant "to show by the greater weight of evidence that it exercised reasonable care in the maintenance of the premises under the circumstances. The circumstances could include the nature of the specific hazard and the nature of the defendant's business." *Owens* v. *Publix Supermarkets, Inc.*, 802 So. 2d 315, 331 (Fla. 2001). See *Safeway Stores, Inc.* v. *Smith, supra*; *Davis* v. *Bruno's Supermarkets, Inc.*, 263 Ga. App. 147, 148-149 (2003); *Lanier* v. *Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 436 (Ky. 2003); *Wollerman* v. *Grand Union Stores, Inc.*, 47 N.J. 426, 429-430 (1966).

3. *Adoption of mode of operation approach.* In *Gilhooley* v. *Star Mkt. Co.*, 400 Mass. 205 (1987), this court determined that the plaintiff, who slipped and fell on a green pepper on the floor, failed to establish that the defendant did not comply with industry standards regarding adequate monitoring or that the defendant's stacking of peppers in a tiered fashion was either "sloppy or precarious." *Id.* at 208. However, in that case, this court also stated that "the keeper of a grocery store may be

---

[7]The following jurisdictions follow the burden-shifting approach: Colorado, Florida, Georgia, and Kentucky. See *Safeway Stores, Inc.* v. *Smith*, 658 P.2d 255, 258 (Colo. 1983); *Owens* v. *Publix Supermarkets, Inc.*, 802 So. 2d 315, 331 (Fla. 2001); *Davis* v. *Bruno's Supermarkets, Inc.*, 263 Ga. App. 147, 148-149 (2003); *Lanier* v. *Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 436 (Ky. 2003). Although New Jersey and Oklahoma follow the mode of operation approach, both jurisdictions also incorporate principles of the burden-shifting approach. See *Wollerman* v. *Grand Union Stores, Inc.*, *supra* at 429-430; *Lingerfelt* v. *Winn-Dixie Tex., Inc.*, *supra*.

[8]Generally, a premise hazard is "a condition of the premises or of the store operation that results in an unreasonable risk of harm to customers under the circumstances." *Johnson* v. *Insurance Co. of N. Am.*, 360 So. 2d 818, 819 (La. 1978).

liable to a customer who slips on produce that is on the floor because of the storekeeper's negligent marketing and display thereof. *It is not always necessary for liability that the produce have been on the floor long enough for the storekeeper to have had a reasonable opportunity to have seen and removed it"* (emphasis added). *Id.* Based on this language, the plaintiff urges this court to adopt the mode of operation approach, enabling plaintiffs in slip and fall cases to prove that a store owner either had constructive or actual notice of a dangerous condition on the premises if the owner could reasonably foresee the existence of a dangerous condition on the premises and inadequate steps were taken to forestall resulting injuries. The plaintiff states that the traditional approach requires plaintiffs to prove how long the substance creating the hazardous condition has been on the floor, thereby imposing an unfair burden on them to adduce evidence that is more readily accessible to defendants. Additionally, the plaintiff states that proving that the defendant had constructive knowledge of a foreign substance or matter on the floor often involves conjecture and speculation regarding the appearance or possible discoloration of the matter on the floor. We agree.

Of the two modern approaches, the mode of operation and burden-shifting approaches, the mode of operation approach is in our view the more preferable, and we now adopt it. The language of the Restatement (Second) of Torts § 343 (1965) supports our conclusion as it requires store owners to make far greater preparations to ensure the safety of their invitees. Specifically, comment e states: "[O]ne entering a store, theatre, office building, or hotel, is entitled to expect that his host will make far greater preparations to secure the safety of his patrons than a householder will make for his social or even his business visitors." *Id.* at 217.

We also find persuasive the idea that when a plaintiff is injured on the defendant's premises, it is "unjust to saddle the plaintiff with the burden of isolating the precise failure" that caused an injury, particularly where a plaintiff's injury results from a foreseeable risk of harm stemming from an owner's mode of operation. *Wollerman* v. *Grand Union Stores, Inc., supra* at 430. See *Chiara* v. *Fry's Food Stores of Ariz., Inc., supra* at 400

("The notice requirement adds to the substantial hurdles faced by plaintiffs injured by transitory hazardous conditions in a store"). This is because an injured customer may not be able to conduct an immediate investigation or determine the exact origins of the accident, whereas the store is readily able to investigate, interview witnesses, and make relevant observations. See *id.*; *Owens* v. *Publix Supermarkets, Inc., supra* at 330.

Some jurisdictions, such as Maine, have critiqued the mode of operation approach and have suggested that it imposes strict liability on a defendant for a plaintiff's injuries on its premises and makes defendants "absolute insurers" for the safety of its customers. See *Dumont* v. *Shaw's Supermarkets, Inc.*, 664 A.2d 846, 849 n.1 (Me. 1995). Unlike other jurisdictions that follow the traditional approach, Maine has adopted a recurrent risk approach, holding that "[i]f the owner of the premises has taken precautions reasonably necessary to protect its customers, then the owner is not liable to customers injured on the premises." *Id.* However, an owner that is "aware of the existence of a recurrent condition that poses a potential danger to invitees may not ignore that knowledge and fail reasonably to respond to the foreseeable danger of the likelihood of a recurrence of the condition." *Id.* at 849. See *Hetzel* v. *Jewel Cos.*, 457 F.2d 527, 530 (7th Cir. 1972) (under Indiana law, store had constructive notice of recurrent dangerous condition); *Sprague* v. *Lucky Stores, Inc.*, 109 Nev. 247, 251 (1993) (summary judgment reversed based on existence of material issue of fact whether the defendant had knowledge of "chronic hazard" of debris on floor in produce department that could warrant a finding that the defendant had knowledge of the hazardous condition). Arkansas has similarly held that "where the slippery condition is not the result of an isolated incident but is instead a recurring one, the traditional slip-and-fall analysis is inapplicable, and the question is simply whether the business owner used ordinary care to keep his premises free from dangerous conditions likely to cause injury to invitees." *Brookshires Grocery Co.* v. *Pierce*, 71 Ark. App. 203, 205 (2000).

Although these jurisdictions have declined the invitation to adopt the mode of operation approach, Arkansas, Maine, and Nevada nevertheless determine whether store owners will be li-

able to a plaintiff who has been injured by focusing on whether there was a "recurrent" or "continuous" risk or condition on the premises. Jurisdictions that have adopted the mode of operation approach use similar terminology in determining whether a store owner should be held liable for a plaintiff's injuries resulting from a continuous or recurrent condition associated with a chosen mode of operation. Therefore, under the guise of utilizing a "recurrent risk" approach, these jurisdictions often analyze premises liability similar to jurisdictions that use the mode of operation approach. See *Mahoney* v. *J.C. Penney Co.*, 71 N.M. 244, 259-260 (1962); *Worsham* v. *Pilot Oil Corp.*, 728 S.W.2d 19 (Tenn. Ct. App. 1987); *Buttrey Food Stores Div.* v. *Coulson*, 620 P.2d 549, 553 (Wyo. 1980).

Adopting this new approach to premises liability does not make the owner of a self-service or modern grocery store an insurer against all accidents, but instead removes the burden on the victim of a slip and fall to prove that the owner or the owner's employees had actual or constructive notice of the dangerous condition or to prove the exact failure that caused the accident. See *Chiara* v. *Fry's Food Stores of Ariz., Inc.*, *supra* at 400-401. Under the mode of operation approach, a "plaintiff's proof of a particular mode-of-operation simply substitutes for the traditional elements of a prima facie case — the existence of a dangerous condition and notice of a dangerous condition." *Id.* at 400. Adoption of this approach would not hold owners strictly liable to all plaintiffs involved in slip-and-fall incidents on their premises, but would only make an owner liable if the owner could reasonably foresee that a dangerous condition exists and failed to take adequate steps to forestall resulting injuries. A plaintiff would still be required to present evidence supporting his or her case and to bear the burden of persuading the trier of fact that the defendant acted unreasonably in the circumstances. *Id.* at 401.

As such, "it is necessary in determining whether the evidence was sufficient to warrant an inference that the defendant violated its duty of care to consider 'whether the jury reasonably could have concluded that, in view of all the circumstances, an ordinarily prudent person in the defendant's position would have taken steps, not taken by the defendant, to prevent the ac-

cident that occurred." *Barry* v. *Beverly Enters.-Mass., Inc.*, 418 Mass. 590, 593 (1994), quoting *Toubiana* v. *Priestly*, 402 Mass. 84, 88-89 (1988). In particular, as is the case here, fruit and vegetable debris presents an obvious risk of injury to a customer, and a reasonably prudent person would not place these items in an aisle or allow them to remain there. Thus, because the determination of reasonableness is a question of fact, the trier of fact must determine whether the owner could reasonably foresee or anticipate that a foreseeable risk stemming from the owner's mode of operation could occur and whether the owner exercised reasonable care in maintaining the premise in a safe condition commensurate with these foreseeable risks.[9]

In sum, the adoption of the mode of operation approach will not modify the general rule governing premises liability requiring a plaintiff to prove that an owner had either actual or constructive notice of an unsafe condition on the premises. However, if a plaintiff proves that an unsafe condition on an owner's premises exists that was reasonably foreseeable, resulting from an owner's self-service business or mode of operation, and the plaintiff slips as a result of the unsafe condition, the plaintiff will satisfy the notice requirement. See *Meek* v. *Wal-Mart Stores, Inc.*, 72 Conn. App. 467, 481 (2002); *Jackson* v. *K-Mart Corp.*, 251 Kan. 700, 710 (1992). Additionally, a store owner will be liable to a plaintiff injured as a result of a dangerous condition caused by a third party only if the owner could reasonably foresee that the dangerous condition could occur, resulting from the owner's chosen mode of operation, and the

[9]The defendant argues that if we adopt the mode of operation approach, we will be adopting a new rule, and thus it requires prospective application only. We disagree. Adoption of the mode of operation approach is not an adoption of a wholly new law, but merely a refinement of the elements of proof in premises liability cases.

As discussed, this court stated in *Gilhooley* v. *Star Mkt. Co.*, 400 Mass. 205, 208 (1987), that a storekeeper may be held liable to a customer who slips and falls as a result of the storekeeper's negligent marketing and display of produce. We are now presented with a case where the application of the *Gilhooley* language is relevant. The *Gilhooley* case plainly foreshadowed the result we reach today. Cf. *McIntyre* v. *Associates Fin. Servs. Co. of Mass.*, 367 Mass. 708 (1975). We see no reason why this plaintiff should not receive the full benefits of his efforts in pursuing the mode of operation approach both in the trial court and on appeal and in persuading this court that the mode of operation approach is, indeed, the best approach.

owner took inadequate steps to forestall resulting injuries. See *Chiara* v. *Fry's Food Stores of Ariz., Inc.*, *supra* at 401; *Jackson* v. *K-Mart Corp.*, *supra*; *Canfield* v. *Albertsons, Inc.*, 841 P.2d 1224, 1226 (Utah Ct. App. 1992). Although the adoption of the mode of operation approach modifies prong (a) of the requirements of Restatement (Second) of Torts § 343 (1965), in order for liability to attach, prongs (b) and (c) must also be satisfied. That is, because the determination whether an owner exercised reasonable care in making the premises safe for invitees is a question of fact, it, then, becomes the task of the trier of fact to determine whether the owner could reasonably foresee or anticipate that the dangerous condition regularly occurs and whether the owner took all necessary reasonable precautions commensurate with the risks inherent in a self-service method of operation to protect individuals from such foreseeable risks. See *Chiara* v. *Fry's Food Stores of Ariz., Inc.*, *supra*; *Meek* v. *Wal-Mart Stores, Inc.*, *supra*; *Jackson* v. *K-Mart Corp.*, *supra* at 711; *Pimentel* v. *Roundup Co.*, 100 Wash. 2d 39, 49 (1983).

*Conclusion.* For the foregoing reasons, we conclude that summary judgment was improperly granted and, given our adoption of the mode of operation approach, the defendant had notice of the inherent risks associated with its chosen mode of operation. We vacate the judge's decision granting summary judgment in favor of the defendant and remand the case to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*