Fremont-Smith, Thayer, J.
Plaintiff slipped on water which had spilled onto the floor in the beverage aisle of defendant’s supermarket. Defendant’s store manager has filed an affidavit in which he alleges that he was in the aisle and observed no water and that when he returned to his office, within two minutes, the accident was reported to him. As no other witness can say how long the water was there, defendant argues that, as a matter of law, the store manager’s version of events must be accepted, so the store lacked reasonable notice of the dangerous condition, citing pre-2007 cases such as Gallagher v. Stop & Shop, Inc., 332 Mass. 560, 563 (1955), and Newton v. MBTA, 1997 (Mass.Sup.Ct. 1997), Lexis 1224.[1] However, the 2007 decision of the Supreme Judicial Court in Sheehan v. Roche Brothers Supermarkets, Inc., 448 Mass. 780, has altered the legal landscape for premises liability in a slip and fall case. In Sheehan, the Court rejected the traditional approach regarding the requirement of notice to the owner of the presence of a dangerous condition, and adopted the “mode of operation” approach, which
focuses on the nature of the defendant’s business [that] gives to a substantial risk of injury to customers from slip and fall accidents. Safeway Stores, Inc. v. Smith, supra at 258. This approach also considers whether the plaintiffs injury was proximately caused by such an accident within the zone of risk. Id. Courts adopting this approach have concluded that where an owner’s chosen mode of operation makes it reasonably foreseeable that a dangerous condition will occur, a store owner could *562 be held liable for injuries to an invitee if the plaintiff proves that the store owner failed to take all reasonable precautions necessaiy to protect invitees from these foreseeable dangerous conditions. (Citations omitted.)
Under the mode of operation approach, the plaintiffs burden to prove notice is not eliminated. Instead, the plaintiff satisfies the notice requirement if he establishes that an injury was attributable to a reasonably foreseeable dangerous condition on the owner’s premises that is related to the owner’s self-service mode of operation. This is based on the premise that the owner of such a self-service establishment has actual notice that his mode of operation creates certain risks of harm to his customers. Since a self-service operation involves the reasonable probability that these risks will occur, these risks are foreseeable. Pimentel v. Roundup Co., supra at 43. However, the plaintiff, under this approach, is still required to prove that the defendant failed to take reasonable measures commensurate with the risks involved with self-service mode of operation to prevent injuiy to invitees and bears the burden of persuading the juiy that the defendant acted unreasonably.
Here, the store manager admitted in deposition that liquids are frequently spilled on the floor in the course of the store’s operation and defendant was not only thus aware of the likelihood of such spills but had retained a porter service to sweep and maintain the aisles. The porter service, however, had been retained to be present only during the hours of 12 noon to 8:00 p.m., whereas the accident occurred on a Saturday at 11:45 a.m. Thus, a juiy issue is raised not whether “defendant’s mode of operation made it foreseeable that a dangerous accident would occur,” but also as to whether, in the alleged circumstances, defendant had failed “to take all reasonable precautions necessary to protect invitees from these foreseeable dangerous conditions.” Id.
ORDER
Accordingly, defendant’s motion for summary judgment is DENIED.

Even under the traditional premises liability approach, however, a jury could accept the store manager’s account but conclude that he had negligently failed to observe the water which he found, in his incident report, had spilled from a bottle. Nor is the Court obliged to credit a version of events which is implausible in the circumstances. Although, in Attorney General v. Bailey, 386 Mass. 361, 371 (1982), the Court ruled that “a Court should not grant a party’s motion for summary judgment by pass(ing) upon the credibility of witnesses or on the weight of the evidence” (emphasis supplied), this does not mean a Court should not deny such a motion in the face of an interested party’s affidavit the accuracy of which is inherently suspect in view of the circumstances described at p. 8 of plaintiffs Memorandum in Opposition.