Agostini, John A., J.
On March 22,2004, the plaintiff, Debra Frank (“Frank”), commenced suit against the defendant, Westwood Associates, Inc. (“West-wood”), in the Clinton District Court for damages resulting from her slip and fall on Westwood’s property. The District Court denied Westwood’s motion to dismiss submitted at the close of the plaintiffs case. After the conclusion of the bench trial, the District Court ruled in favor of Frank, awarding her damages. Westwood appealed to the Appellate Division, which held there was insufficient evidence presented at the District Court trial to support the judge’s conclusion that Westwood was negligent. The Appellate Division reversed the District Court decision by order entered on August 22, 2007. On August 27, 2007, Frank filed her request for removal to the Superior Court pursuant to G.L.c. 231, §104.[1] For the reasons set forth below, the defendant’s motion for summary judgment is ALLOWED.
BACKGROUND
The relevant undisputed material facts are as follows. After viewing a condominium unit owned by Westwood, Frank subsequently tendered a deposit toward the purchase of another unit, which was unfinished. Westwood’s sales and marketing agent suggested that Frank again visit the property to consider the options for customizing her unit. Unaccompanied by any Westwood representative, Frank and her sister, Sandra Guerard (“Guerard”), later visited the property on August 29, 2002 to inspect the same unit that Frank had previously seen with the agent. Through an open garage door, they ascended an interior staircase to the second floor where the unit was located. On leaving the unit, the two proceeded to the stairs with Frank in front of Guerard. While descending a step, Frank felt her right foot stick to the floor, fell forward, and landed on her left foot, fracturing her heel. Her rubber-soled sandal remained at the top of that step.
Frank did not notice that the stairs or the hardwood floors were “tacky” or “sticky” other than the area to which her foot felt stuck. Guerard similarly did not notice anything unusual as to either the stairs or the floor at the top of the stairs. Her own shoes did not stick to the stairs or the floor. Guerard, however, noticed that the floor at the entrance of the unit seemed “tacky.” Guerard testified at trial that she believed that “polyurethane or some kind of material on the floor . . . [that] was shiny” caused her sister’s fall. Neither Frank, Guerard, or Westwood inspected the area after the incident.
*638 The summary judgment record does not establish precisely when Westwood’s subcontractor applied polyurethane to the unit’s floors and the stairs on which Frank fell. The record reveals, however, that the subcontractor would bill Westwood sometime after work was completed and that it billed Westwood for this finishing work by invoice dated August 6, 2002, approximately twenty-three days prior to the incident. Westwood’s policy is to pay a subcontractor sometime after the completion of its work. Westwood’s notations on the August 6th invoice indicated that it paid the bill by check on August 29, 2002, the day of the incident.
It is undisputed that Westwood posts a sign after the application of polyurethane on its property. The Westwood agent testified at trial that Westwood did not post a sign for the unit in question because the unit’s floors had been finished for a length of time that Westwood did not consider a sign necessaiy.
DISCUSSION
Summary judgment shall be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion may not defeat a motion for summary judgment by resting merely on the allegations and denials of its pleadings, but must set forth specific facts with affidavits, deposition testimony, answers to interrogatories, or admissions on file establishing the existence of a genuine dispute. Id. at 17; Mass.R.Civ.P. 56(e). The court views the evidence in the light most favorable to the nonmoving party. Douillard v. LMR, Inc., 433 Mass. 162, 163 (2001).
One who controls business premises is obliged “to use due care to keep the premises provided for the use of its patrons in a reasonably safe condition, or at least to warn them of any dangers that might arise from such use, which are not likely to be known to them, and of which the defendant knows or ought to know.” Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 166-67 (1973). Premises liability may be imposed where an invitee unexpectedly encounters any foreign substance on a floor, step, or walkway. Thorell v. ADAP, 58 Mass.App. 334, 337 (2003) (citation omitted). The plaintiff, however, “must identify the hazardous condition that caused him to slip, prove that it was present prior to his injury, and demonstrate that the defendant either caused the substance to be there, had actual knowledge of its existence, or had a reasonable opportunity to discover and remedy it.” Id. (citations omitted). Summary judgment is appropriate where “no rational view of the evidence permits a finding of negligence.” Hennessey v. Stop and Shop Supermarket Co., 65 Mass.App.Ct. 88, 94 (2005).
The plaintiff alleges in her complaint that she was injured due to the defendant’s failure to maintain its premises properly, particularly the defendant’s failure to warn her that the unit floor “was wet with a lacquer or similar substance.” The defendant claims that the evidence is insufficient to establish that it created or should have known of the hazardous condition on the property.
The plaintiff’s reliance upon the Sheehan decision’s “refinement” of premises liability is misplaced. Sheehan v. Roche Bros. Supermarkets, Inc., 448 Mass. 780 (2007). In Sheehan, a plaintiff customer was injured when he slipped and fell on a grape located on the front aisle near a service counter of the defendant grocery store, which had displayed grapes in the produce department in a manner easily accessible to patrons. Id. at 781. The Superior Court granted summary judgment for the defendant store, ruling that the plaintiff could not establish that the defendant had prior notice of the hazardous condition where there was no evidence as to when the grape had fallen and its appearance did not indicate its presence on the floor for such time that the defendant should have been put on notice. Id. at 782. Adopting the “mode of operation approach” to premises liability, the Supreme Judicial Court (“SJC”) reversed the Superior Court decision. Id. at 781. In so doing, the SJC ruled that “this new approach to premises liability does not make the owner of a self-service or modern grocery store an insurer against all accidents, but instead removes the burden on the victim of a slip and fall to prove that the owner or the owner’s employees had actual or constructive notice of the dangerous condition or to prove the exact failure that caused the accident." Id. at 790. Despite the plaintiffs arguments that Westwood’s business practice permitted unsupervised access to the unit, the rationale and holding of Sheehan indicates that it is inapplicable to the type of business here, a condominium complex.
For purposes of summary judgment before this Court, the defendant has satisfied its burden as the moving party by presenting sufficient affirmative evidence showing that it neither breached a duty to'the plaintiff nor caused her injury. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). Viewing the evidence in a light most favorable to her, the plaintiff fails to present evidence sufficient to overcome the defendant’s summary judgment motion. First, the plaintiff presents insufficient evidence as to the nature of the substance upon which she felt her foot adhere. That the plaintiff and Guerard both smelled polyurethane at the unit fails to show that polyurethane was the substance causing her fall. Guerard, moreover, testified that the cause of her sister’s fall was due to “polyurethane or some kind of material on the floor . . . [that] was shiny.” (Emphasis added.)
*639 The plaintiff also submits no evidence from which an inference may be made that the foreign substance was present on the floor for an appreciable length of time such that the defendant should have been aware of its presence. The defendant admitted to not having swept, cleaned, mopped, polished, or waxed the area of the floor where the plaintiff had fallen for “about three months” prior to the incident. However, that the substance was “tacky” or shiny fails to indicate that the substance remained on the floor sufficiently long enough for the defendant to incur liability for failing to warn about it or remove it. Oliveri, 363 Mass. at 167; Hennessey, 65 Mass.App.Ct. at 94.
Accepting that the substance was polyurethane, the plaintiffs contention that her proffered evidence allows an inference rebutting the evidence that the floors had dried within twenty-four hours is without merit. The plaintiff offers deposition and trial testimony that the unit smelled of polyurethane, the entrance to the unit was “tacky,” and her sandal adhered to the floor. The plaintiff, however, fails to rebut the evidence that polyurethane dries approximately in tweniy-four hours and that polyurethane had been applied no later than twenty-three days prior to the plaintiffs fall.
It should be noted that the evidence of negligence before me is the same as the evidence before the Appellate Division of the District Court. I concur with their view that no rational view of the evidence permits a finding of negligence. Accordingly, the defendant is entitled to judgment as a matter of law.
ORDER
For the above reasons, it is hereby ORDERED that the defendant’s motion for summary judgment is ALLOWED.

The defendant contends that the plaintiffs proper recourse is to bring an appeal to the Massachusetts Court of Appeals pursuant to G.L.c. 231, §109. Pursuant to G.L.c. 231, §104, however, the plaintiff may elect to remove her action to the Superior Court. Because the plaintiff has satisfied the requirements mandated under the removal statute, her suit is properly before this court.