Kenton-Walker, Janet, J.
This is a negligence action brought by plaintiff, Deborah Vincequere (“Vincequere”), for personal injuries she allegedly sustained in a fall at Union Blues, an establishment operated by defendant L.J.B. and Associates, Inc. (“L.J.B.”). L.J.B. now moves for summary judgment on the basis that Vincequere cannot prove L.J.B. knew or should have known about the condition on its premises that allegedly caused her injury. After hearing, and for the reasons set forth below, L.J.B.’s motion is DENIED.
BACKGROUND
The undisputed facts, and the disputed facts in the light most favorable to Vincequere as the non-moving party, are as follows. On February 24, 2004, Vincequere attended a Mardi Gras event at Union Blues nightclub in Worcester. As guests entered the club that evening, they were handed Mardi Gras beads as part of the promotion. The club was dimly lit, had a carpeted dance floor, and tables surrounding the dancing area in a staggered manner. Vincequere and Diane Urban, a friend who accompanied Vincequere that night, both observed at least four to five strands of beads on each table when they entered the club. After her second trip to the dance floor, Vincequere was returning to her table when she slipped on a string of Mardi Gras beads that were on the floor, twisting her left leg around and injuring her left knee.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Corr, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
L.J.B. asserts Vincequere cannot prove an essential element of her claim because she cannot establish that L.J.B. caused or had either actual or constructive knowledge of the allegedly hazardous condition. In response, Vincequere asserts the record reveals a dispute as to whether L.J.B. knew or should have known a hazardous condition was present on the premises. Further, Vincequere contends that the “mode of operation” approach to premises liability adopted in Sheehan v. Roche Bros. Supermarkets, Inc., 448 Mass. 780, 782-83 (2007), which relieves plaintiffs of the actual or constructive knowledge requirement in certain circumstances, applies to this case.
Under the traditional theory of premises liability, “a possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discovery or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.” Restatement (Second) of Torts §343, 215-16 (1965). The “mode of operation” approach adopted by the Supreme Judicial Court in Sheehan for certain slip and fall cases, however, relieves the plaintiff of the requirement that he prove “the owner or the owner’s employees had actual or constructive notice of the dangerous condition or . . . the exact failure that caused the accident.” 448 Mass. at 790. Instead, a plaintiff must prove that “the owner could reasonably foresee or anticipate that a foreseeable risk stemming *86 from the owner’s mode of operation could occur.” Id. at 791.
The rationale behind Sheehan is that the owner of a “self-service establishment has actual notice that his mode of operation creates certain risks of harm to his customers. Since a self-service operation involves the reasonable probability that these risks will occur these risks are foreseeable.” Id. at 786. In Sheehan, the plaintiff slipped on a small piece of grape and clear liquid in a section of the defendant’s supermarket “where grapes were packaged in individually sealed bags, easily opened by the hand, . . . located on a tiered display table, surrounded by mats, in the produce department.” Id. at 781. The Court explained that, under the mode of operation approach, “if a plaintiff proves that an unsafe condition on an owner’s premises exists that was reasonably foreseeable, resulting from an owner’s self-service business or mode of operation, and the plaintiff slips as a result of the unsafe condition, the plaintiff will satisfy the notice requirement.” Id. at 791.
In the present case, summaiy judgment is inappropriate because a genuine issue of material fact exists regarding whether L.J.B. created a reasonably foreseeable unsafe condition at Union Blues by placing a number of beads on each table in the club for patrons to pick up. If L.J.B. did in fact do so, the situation may' fall within the ambit of Sheehan. Just as the supermarket’s mode of operation in providing a self-service grape display accessible to customers created a foreseeable risk that an errant grape would roll onto the floor and cause a hazardous condition, if L.J.B. placed several strings of beads on each table at the beginning of a Mardi Gras event, it could be reasonably foreseeable that patrons would pick up the beads and that, during the course of the festivities, beads would end up on the floor. Although L.J.B. denies it put any beads on the tables at the beginning of the event that night, the deposition testimony of Vincequere and Urban that they saw at least four to five strands of beads on each table when they entered the club is sufficient to raise a question of fact as to whether L.J.B. created the type of self-service situation so as to make the mode of operation approach applicable. For this reason, summaiy judgment is unwarranted.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant L.J.B.’s motion for summary judgment be DENIED.