Tucker, Richard T., J.
The defendants move for summary judgment stating that there are no issues of material fact and that the plaintiff has not and cannot identify a defective condition on the premises or negligent conduct by the defendants that led to her fall and injury at the Wrentham Village Premium Outlet Mall on November 11, 2006. The plaintiff responds that genuine issues of material fact in dispute do exist and that the matter is thus inappropriate for summary judgment. Additionally, plaintiff states that the fact that the plaintiff cannot specifically identify the individual rock or its precise location upon which she says she tripped at the mall is not fatal to the plaintiffs case and cites Sheehan v. Roche Brothers Supermarkets, Inc., 448 Mass. 780, 788 (2007) (it is “unjust to saddle the plaintiff with the burden of isolating the precise failure” that caused plaintiffs injuries if the injury results from a foreseeable risk of harm stemming from an owner’s mode of operation).
Here the alleged hazardous condition is a circular area of approximately seven feet in diameter containing approximately six to eight inches depth of broken stone which appear (frbm photographs) to each be three to six inches in length and width. Standing within this circle of rocks is an informational sign setting forth the directions to follow for certain stores at the mall. Plaintiff states that she was in this area of the sign and when she attempted to move she felt something jagged like a rock brush against her right side of her foot. She was thrown off balance and fell. Plaintiff also states that one of the shoes she wore on that date shows a distinctive scratch which she claims was caused by the landscaping stone that her foot contacted.
Defendants argue that these premises do not constitute a defect and are open and obvious to anyone who might be present. This Court finds however that with an informational sign intended to draw one’s eye up and away from the ground and above the stones, the stones are not, as a matter of law, open and obvious. This presents a factual question for the juiy. Additionally, this Court cannot rule that the placement of the stones in the manner presented did or did not constitute a defect. A factual juiy issue is presented whether or not the stones, in the manner in which they were utilized, constituted an unsafe condition which presented a reasonably foreseeable hazard, and whether or not the defendants took adequate steps to protect the public therefrom. Sheehan v. Roche Brothers Supermarkets, Inc., 448 at 791-92.
Accordingly, the defendants’ motion for summary judgment is DENIED.