McIntyre, Frances A., J.
INTRODUCTION
The plaintiff, Marion Yeshulas (“Yeshulas”), allegedly slipped on a wet floor in the main aisle of a store owned by the defendant, Macy’s Retail Holdings, Inc. (“Macy’s”), and was injured. Yeshulas brought negligence claims against Macy’s, as well as co-defendants Capital Cleaning Contractors, Inc. (“Capital Cleaning”), and Ellis Mukuro, d/b/a Beverly Cleaning Services (“Beverly Cleaning"). All of the defendants now move for summary judgment. For the following reasons, the defendants’ Motions for Summary Judgment are ALLOWED.
BACKGROUND
The following undisputed facts are viewed in a light most favorable to the non-moving party, Yeshulas. On September 3, 2006, Yeshulas alleges that she was injured when she slipped and fell on water in a store owned by Macy’s at the Square One Mall in Saugus. Yeshulas was walking down the main aisle of the store when she slipped and fell. It is undisputed that it was raining on the day of her fall. At the time of Yeshulas’ fall, Macy’s had contracted with Capital Cleaning to provide cleaning services at the premises. Capital Cleaning then contracted with Beverly Cleaning to perform certain cleaning services at the premises.
Yeshulas admits when she fell, she did not know what had caused her to do so. However, she alleges that she believes that she fell as a result of an accumulation of water on the floor, due to the fact that she noticed “spots of water” on her way out of the store and that her pant leg was wet after she fell. However, Yeshulas does not remember seeing any water on the floor when she fell. She does not allege that any of the defendants knew that the floor was wet or that any of the defendants put any water on the floor.
DISCUSSION
Summary judgment shall be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on each relevant issue and that the summary judgment record shows the party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). *168 The moving party may satisfy this burden by submitting affirmative evidence negating an essential element of the non-moving party’s case, or by demonstrating that the non-moving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Comm’n Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 710 (1991).
“If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact[.]” Pederson, 404 Mass. at 17. The court views the evidence in the light most favorable to the nonmoving party. Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 539 (1995).
One who controls business premises is obligated “to use due care to keep the premises provided for the use of its patrons in a reasonably safe condition, or at least to warn them of any dangers that might arise from such use, which are not likely to be known to them, and of which the defendant knows or ought to know.” Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 166-67 (1973). Under the traditional approach to premises liability, the plaintiff must identify the hazardous condition that caused her to slip, prove that it was present prior to her injury, and demonstrate that the defendant either caused the substance to be there, had actual knowledge of its existence, or had a reasonable opportunity to discover and remedy it. Id.
In this case, Yeshulas does not allege nor does the record support the conclusion that the defendants caused the liquid to be on the floor. Nor does the evidence, viewed in a light most favorable to Yeshula, establish that the defendants’ employees had actual or constructive knowledge that the water was on the floor. Thus, the evidence in the record is insufficient to create a genuine issue of material fact as to the defendants’ liability under the traditional rule for premises liability.
Yeshula argues, though, that the “mode of operation” approach that the Supreme Judicial Court adopted in Sheehan v. Roche Bros. Supermarkets, Inc., 448 Mass. 780, 791 (2007), applies here. In Sheehan, a plaintiff slipped and fell on a grape in a grocery store. Sheehan, 448 Mass. at 781. The SJC noted that “fruit and vegetable debris presents an obvious risk of injury to a customer, and a reasonably prudent person would not place these items in an aisle or allow them to remain there.” Id. at 791. As such, the SJC departed from applying traditional premises liability law, and instead adopted “the mode of operation approach” to account for modern merchandising techniques. Sheehan, 448 Mass. at 791. Under the “mode of operation” approach, a plaintiff satisfies the requirement that the owner or the owner’s employees had actual or constructive notice of the dangerous condition if she can establish that her injury was “attributable to a reasonably foreseeable dangerous condition on the owner’s premises that is related to the owner’s self-service mode of operation." Id. at 786.
However, the facts in this case are distinguishable from those in Sheehan and Massachusetts courts have been unwilling to expand the holding of Sheehan to cases not involving slip and falls caused by an owner’s self-service business or mode of operation. See Tavernese v. Shaw’s Supermarkets, Inc., 2008 Mass.App. Unpub. LEXIS 887 at *1 (Mass.App.Ct. 2008) (finding that Sheehan was not controlling, as “fact that the patrons of the Shaw’s in question must enter the premises through the vestibule where the plaintiff fell does not transform the store’s mode of operation into ‘self-service’ model”); Gurvich v. Stop & Shop Co., 2009 Mass.Super. LEXIS 173 at *5-*6 (Mass.Super. 2009) [25 Mass. L. Rptr. 597] (in case where plaintiff slipped and fell in supermarket, the presentation of products on store’s selves does not constitute an inherently dangerous mode of operation and ruling from Sheehan did not apply). In this case, the record does not support the conclusion that the defendants’ mode of operation created an obvious or foreseeable risk of injuiy.
This case is more properly governed by the holding in Wexler v. Stanetsky Mem'l Chapel of Brookline, Inc., where the Appeals Court held that “transitory conditions .. . due to normal use in wet weather, according to ordinary experience could not in reason have been prevented.” 2 Mass.App.Ct. 750, 751 (1975) (plaintiff s claim of slipping on dirty water that accumulated on floor as a result of inclement weather was insufficient as a matter of law). In this case, the undisputed facts include that it was raining on the day of Yeshulas’ fall. Yeshulas’ allegation that she saw “spots of water” on the floor does not indicate that the water she slipped on was of unusual depth or extent, and nor does her description establish that “the water was present for a greater length of time than naturally is to be expected in the circumstances.” Vacarro v. University of Mass. Mem’l Med. Center, 2008 Mass.Super. LEXIS 218 at *12 (Mass.Super. 2008) [24 Mass. L. Rptr. 73] (internal citations omitted). In sum, Yeshulas “has not presented evidence from which a trier of fact could infer that the water [in the main aisle of the store] was more than what normally results from the tramping of many feet on a wet rainy day.” Id. at *16.[2]
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ Motions for Summary Judgment be ALLOWED. Judgment is to enter for the defendants.

 Macy’s and Capital Cleaning have brought crossclaims against Beverly Cleaning for contribution and indemnification. As the court has found that none of the defendants were negligent, these crossclaims are now moot.