Cornetta, Roberta., J.
The parties in this matter have been heard in response to the defendant, American Multi-Cinema, Inc.’s motion seeking summary judgment (Mass.R.Civ.P. 56).
Facts are found briefly as follows.
On July 9, 2010 at approximately 10:00 p.m. the plaintiff and her companion, Mark Dolan, arrived at the defendant’s movie theater known as “AMC’s Lowes” located at the Liberty Tree Mall in Danvers, Massachusetts. They were on the premises as invitees to watch a movie. They were running late. Having secured their tickets, they entered the theater’s auditorium together with Ms. Mills walking ahead of Mr. Dolan. Upon walking approximately six feet into the movie auditorium where the feature was already showing, Ms. Mills slipped and fell forward, striking her shoulder upon a metal railing within the auditorium.
As a result of these events, the plaintiff suffered significant personal injuries and damages. She contends that she slipped upon ice that was on the floor at the time.
The defendant has moved for summary judgment in this matter upon the basis of Massachusetts’ traditional approach to premises slip and fall cases. That approach as set out in Oliven v. Massachusetts Bay Transportation Authority, 363 Mass. 165 (1973), requires three elements to be established before one who possesses a premises may be subject to liability for an act or omission.
Those elements are summarized as follows: a) the possessor of the premises must know or by reasonable exercise of care would discover the condition and should realize that it involves an unreasonable risk of harm to other invitees, and b) should expect that an invitee will not discover or realize the danger or will fail to protect themselves against it, and c) fails to exercise reasonable care to protect invitees against the danger. (See: Sheehan v. Roche Brothers Supermarkets, Inc., 448 Mass. 780 at 782 (2007).)
The plaintiff urges that the facts in this case are better litigated under the mode of operation approach as set out in Sheehan, supra.
The “mode of operation” or modem approach as described by the Court in Sheehan calls for the possessor of premises to make far greater preparations to ensure safety of their invitees, noting pursuant to the Restatement of Torts (Second), §343 (1965) that one entering a store, theater, office building or hotel is entitled to expect that his host will make far greater preparations to secure the safety of his patrons than a householder will make for his social or even business visitors (Sheehan at page 788).
Here, we confine the analysis to theaters only.
A theater (or cinema) is a unique venue. Of necessity, it is a dimly lit or darkened space when a performance is being shown. Often (as in this case) there are food and beverage concessions owned and operated by *536 the theater offering invitees to purchase food and beverages and to take them into the darkened auditorium where the performance is playing.
Persons entering this unique venue are often unable to observe the conditions of floors, aisles, and seats which may harbor hazards to unsuspecting patrons. In addition to patrons dropping and spilling food and beverages in this darkened environment, they often discard onto the floor packaging, unconsumed food products, cups and the like. These items, lurking as they do in the dark, can harbor genuine hazards for patrons seeking to make their way to and from their seats.
It is because of this unique environment that the traditional approach to premises liability is inadequate to the task of providing reasonable safely conditions for the multitude of patrons who frequent these entertainment centers accompanied by food and beverages offered for sale and provided to them by the owner or operator of the enterprise.
Thus, the modem approach to the issue of liability, embodying the concept of mode of operation is the proper standard to be applied to the lypical premises liability slip and fall case when the unique venue of a darkened movie theater auditorium is involved. The traditional approach may still have application within the theater’s lobby and in other spaces where lighting conditions are quite different.
However in a darkened theater setting, it is up to a jury to decide whether or not the frequency and mode of inspections and maintenance employed by the owner or operator is reasonable, taking into consideration the particular set of facts presented upon each incident claimed and the degree of diligence the owner or operator has employed in seeking to keep the premises reasonably safe for moviegoers and others lawfully on the premises.
Ruling
Based upon the facts as found in the instant matter and applying a liability approach of “mode of operation” which is determined to be better suited to the venue of a darkened theater where food and beverages are offered for sale to patrons who may carry them into the darkened theater and may as a result of spillage or indiscriminate discarding create an unreasonable hazard for others lawfully on the premises, ruling is now entered that the defendant’s Rule 56 motion shall be denied based upon there being genuine issues of material fact to present to a fact finder for determination at trial.