MacLeod-Mancuso, Bonnie H., J.
This negligence action is based on plaintiff Luydmila Gurvich’s (“Gurvich”) slip and fall which allegedly occurred on December 10, 2004 on the premises of a Super Stop & Shop supermarket (the “Premises”) located in Med-ford, Massachusetts owned by defendant, Stop and Shop Companies, Inc. (S&S). S&S now moves for summary judgment, arguing that there is no evidence from which a fact finder could infer that the plaintiffs accident was caused by S&S’s negligence. For the following reasons, after a hearing, defendant’s motion is ALLOWED.
BACKGROUND
The court summarizes the relevant facts taken from the summary judgment record in the light most favorable to the nonmoving party. See Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982).
By all accounts, it rained and the ground was wet on December 10, 2004 when Gurvich had her accident. At approximately 3:00 p.m., Gurvich and her co-worker Natalia Ventura (“Ventura”), walked from the T.J. Maxx where they worked, to the Premises located within the same shopping plaza. Gurvich used an umbrella. When the two arrived at the Premises, Gurvich stomped her feet on a mat just inside the entrance, shook the water off of her umbrella and, folding it under her arm, walked into the store. Gurvich and Ventura then walked across the store towards the produce department. When Gurvich was two or three cash registers away from the entrance, she slipped and fell to the floor. Gurvich did not see anything on the floor before she fell. Gurvich claims, however, that after she had fallen, she observed a store employee using several sheets of paper towel to wipe up some unknown clear liquid from the area of the floor where she had fallen.
DISCUSSION
I. Standard of Review
A motion for summary judgment should be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the record entitles them to judgment as a matter of law. Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 711 (1991). A party who does not bear the burden of proof at trial may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991); Kourouvacilis, 410 Mass, at 716. Once the moving party “establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). In deciding a motion for summary judgment, the court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Mass.R.Civ.P. 56(c); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The court reviews the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility, or find facts. Bailey, 386 Mass. at 370-71.
II. Negligence
Generally, a store owner must maintain the premises “in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk.” Sheehan v. Roche Bros. Supermarkets, Inc., 448 Mass. 780, 783-84 (2007). “Under the traditional approach to premises liability, the plaintiff is required to prove a grocery store caused *598 a substance, matter or item to be on the floor; the store operator had actual knowledge of its presence; or the substance, matter, or item had been on the floor so long that the store operator should have been aware of the condition.” Id. at 782-83. “However, if a plaintiff proves that an unsafe condition on an owner’s premises exists that was reasonably foreseeable, resulting from an owner’s self-service business or mode of operation, and the plaintiff slips as a result of the unsafe condition, the plaintiff will satisfy the notice requirement.” Id. at 791.
Gurvich does not allege, and the record does not support the conclusion, that S&S caused the liquid to be on the floor. Nor does the evidence viewed in the light most favorable to Gurvich allow the inference that S&S had actual or constructive knowledge that the liquid was on the floor. Therefore, the evidence viewed in the light most favorable to Gurvich is insufficient to create a genuine issue of material fact as to S&S’s liability under the traditional rule for Premises liability for a case such as this. Instead, Gurvich argues that the water represents an unsafe condition on the Premises that resulted from S&S’s self-service business or mode of operation. In short, Gurvich argues that S&S knew or should have known that patron foot traffic would lead to the accumulation of liquid on the floor and that the self-service shopping would draw patrons’ attention towards items on the shelves and away from possible hazards beneath their feet — thus creating a greater risk that an invitee might slip and fall. Under these conditions, Gurvich argues, a question of fact exists as to whether S&S took all reasonable precautions necessary to protect invitees from danger. The Court disagrees.
The “mode of operation” rule announced in Sheehan is inapposite here. Id. at 790. Sheehan did not announce the mode of operation approach “as a wholly new law, but merely a refinement of the elements of proof in a premises liability case.” Id. at 791. Where a premises owner’s mode of operation makes it reasonably foreseeable that a dangerous condition, such as a liquid on the floor, will occur, the owner can be held liable if the plaintiff proves that the owner failed to take reasonable precautions necessary to protect customers from these foreseeable dangerous conditions. Id. at 786. This is not strict liability. Id. at 790. The attractive presentation of products on a supermarket’s shelves, no matter how alluring, does not constitute an inherently dangerous “mode of operation” sufficient to relieve Gurvich of the duly to show “a dangerous condition and notice of a dangerous condition.” Id.
Further, the facts of this case clearly distinguish it from Sheehan. In Sheehan, a plaintiff shopping at a self-service grocery store slipped and fell after stepping on a grape that had fallen from a fruit display. Id. at 791. The Supreme Judicial Court held that “fruit and vegetable debris presents an obvious risk of injury to a customer and a reasonably prudent person would not place these items in an aisle or allow them to remain there.” Id. Ultimately, the Court held that summary judgment for defendant premise owner was inappropriate because “the trier of fact must determine whether the owner could reasonably foresee or anticipate that a foreseeable risk stemming from the owner’s mode of operation could occur and whether the owner exercised reasonable care in maintaining the premise in a safe condition commensurate with these foreseeable risks.” Id. In the case at bar, however, because the record does not suggest that S&S’s mode of operation created an obvious, or even foreseeable, risk of injury, there is no genuine issue of material fact as to whether S&S was on notice of the dangerous condition.
Here, the analysis is more properly governed by Wexler v. Stanetsky Mem’l. Chapel of Brookline, Inc., where the Massachusetts Appeals Court found that “transitory conditions . . . due to normal use in wet weather, according to ordinary experience could not in reason have been prevented.” 2 Mass.App.Ct. 750, 751 (1975) (plaintiffs claim to have slipped on dirty water that had accumulated on marble floor of a funeral home, as a result of inclement weather, was insufficient as a matter of law). The undisputed facts show that it was raining when Gurvich and Ventura walked from their place of employment to the Premises. Gurvich shook off her umbrella, put it under her arm, stomped her feet on a mat, and walked into the Premises. Even viewed in the light most favorable to the plaintiff, the evidence is insufficient to alter the application of the rule governing dangers created by transítoiy conditions. Further, Gurvich provides no evidence that the water was of unusual depth or extent, that the floor material or condition rendered it unnaturally dangerous, or that the liquid originated from a different source than foot traffic. See Wexler, 2 Mass.App.Ct. at 751-52.
In summary, the evidence viewed in the light most favorable to Gurvich is insufficient to create a genuine issue of material fact as to whether S&S caused the liquid to be on the floor, or knew of its presence, or that the liquid had been on the floor for so long that the store operator should have been aware of it. Sheehan, 448 Mass. at 782-83. S&S is thus entitled to summary judgment as a matter of law and its motion for summary judgment is Allowed.
Order
For the foregoing reasons, the Defendant’s Motion for Summary Judgment is hereby ALLOWED.